**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3960
_____

ODISE CARR,

Appellant

v.

CITY OF CAMDEN;
CITY OF CAMDEN POLICE DEPARTMENT;
JOHN SOSINAVAGE; SCOTT THOMSON;
MARIO ORTIZ; JOHN DOES 1-10


On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-09-cv-04717)
District Judge:  Honorable Noel L. Hillman


Submitted under Third Circuit LAR 34.1(a)
on November 7, 2013

Before:  GREENAWAY, Jr., VANASKIE and ROTH, Circuit Judges

(Opinion filed: December 13, 2013)

O P I N I O N

**ROTH**, Circuit Judge:

1

Odise Carr appeals the District Court's order granting summary judgment to the defendants, the City of Camden, the City of Camden Police Department, John Sosinavage, Scott Thomson, and Mario Ortiz, on Carr's claim of First Amendment retaliation pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, we will affirm.[1]

On July 29, 2008, Carr testified under oath at a disciplinary proceeding in support of two other officers.  In his complaint, Carr alleges that the defendants retaliated against him, in violation of the First Amendment, for the content of this testimony by launching an investigation into his role in a 2005 arrest of a minor.  At the conclusion of this investigation, Carr was administratively charged with "conduct unbecoming an employee in the public service" for his role in the 2005 arrest and was eventually terminated from his position with the police department.  Approximately one year after his dismissal, a New Jersey administrative law judge ordered that Carr be reinstated with full back pay and seniority because the police department had not met its burden of proving that Carr had engaged in unbecoming conduct.

The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  The sole issue on appeal is whether Carr submitted sufficient evidence of causation to preclude summary judgment on his retaliation claims.  We hold that he did not.

---

[1] The parties stipulated to the dismissal of Carr's appeal with respect to the municipal entities, which we granted.  As a result, we review the District Court's decision only insofar as it relates to claims against the individual defendants:  Sosinavage, Thomson, and Ortiz.

2

We employ "a *de novo* standard of review to grants of summary judgment, 'applying the same standard as the District Court.'" *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013) (quoting *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995)). Under this standard, a court must "view the underlying facts and all reasonable inferences there from in the light most favorable to the party opposing the motion." *Id.* (internal quotation marks omitted). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Carr submitted no evidence in response to defendants' motion for summary judgment that would even arguably link the decision to investigate the 2005 arrest with his 2008 testimony. With respect to Thomson and Ortiz, Carr failed to submit any non-speculative evidence that either defendant was personally involved in the alleged retaliatory conduct. *See Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011). Although Carr argues that Thomson was the chief of the Camden Police Department at the time of the investigation, § 1983 "liability cannot be predicated solely on the operation of respondent superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Similarly, Carr's argument that certain statements made by Ortiz are evidence of an intent to retaliate does not raise a genuine issue of material fact because there is no evidence in the record to suggest that Ortiz played any role in the decision to investigate the 2005 arrest.

Although it is undisputed that Sosinavage made the decision to investigate Carr's role in the 2005 arrest—which ultimately resulted in his termination—Carr again fails to

3

point to any evidence that would causally link this decision to his 2008 testimony. Instead, Carr argues that the mere temporal proximity of the investigation to his testimony raises an inference of retaliation that is sufficient to defeat summary judgment. *See LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007). We disagree.

As the District Court noted, the only evidence in the record indicates that Sosinavage made the decision to conduct a further investigation into the 2005 arrest weeks before Carr's testimony. The Camden Police Department was prohibited from administratively investigating the 2005 arrest prior to this time because it was operating under a stay requested by the Camden prosecutors' office while it pursued a criminal case against certain of the officers involved in the incident. Based on this timeline, there is nothing "unusually suggestive" about the timing of the Internal Affairs' investigation into Carr's role in the 2005 arrest. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000). In addition, the nearly three month gap between Carr's testimony and his termination is not itself unusually suggestive. *LeBoon*, 503 F.3d at 233.

As a plaintiff opposing summary judgment, Carr had the burden to "produce evidence that, when considered in light of [his] burden of proof at trial, could be the basis for a jury finding in" his favor. *SEC v. Hughes Capital Corp.*, 124 F.3d 449, 452 (3d Cir. 1997) (citing *Kline v. First Western Gov't Sec.*, 24 F.3d 480, 485 (3d Cir. 1994)) (internal quotation marks omitted). Because he failed to produce any evidence of causation, Carr has failed to meet his burden. For this reason, we will affirm the District Court's order granting summary judgment to the defendants.